UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM URANGO, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FROZEN FOOD EXPRESSINDUSTRIES, INC., a Texas Corporation, and DOES 1-10.,<br><br>Defendants. | No. 13-cv-02661 TLN-AC<br><br>**ORDER** |

This matter is before the court on Plaintiff, Adam Urango's ("Plaintiff"), Motion to Amend the Complaint under Federal Rule of Civil Procedure 15[1] to add a claim under the Fair Labor Standards Act ("FLSA").[2] (See Pl.'s Mot. to Am., ECF 7.) Defendant Frozen Food Express Industries Inc. ("Defendant") opposes the motion. (See Def.'s Opp'n to Pl.'s Mot. to Am., ECF 11). Plaintiff has filed a reply. (Pl.'s Reply, ECF 12.) For the reasons set forth below, Plaintiff's motion is GRANTED.

///

///

---

[1] All further reference to Rule or Rules will be to the Federal Rules of Civil Procedure

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

**BACKGROUND**

Plaintiff originally brought this action in San Joaquin County Superior Court on behalf of himself and others similarly situated. (See Def.'s Not. of Removal, ECF 1.) The putative class is comprised of all former and current salaried employees of Defendant who performed dispatching duties while domiciled within California. (Pl.'s Compl. ("Compl.") ECF 1 ¶ 23.) The gravamen of Plaintiff's complaint is that Defendant violated California Wage and Hours laws when it required Plaintiff and others similarly situated to work in excess of 40 hours a week and 8 hours a day without overtime pay. (Compl. ¶ 18.) Plaintiff alleges that, even though they were salaried employees, they were entitled to overtime pursuant to relevant wage and hour statutes. (Id. ¶ 19.) On December 26, 2013, Defendant removed the action to this court on grounds of complete diversity of citizenship.[3] (ECF 1.)

At the parties Rule 26 conference, Plaintiff's counsel, Ari Moss, informed defense counsel, Sigalit Shoghi, that Plaintiff intended to file an amended complaint adding a claim for violation of the FLSA, a federal claim. (Moss Decl., ECF 7-1 ¶ 4.) The next day, Moss emailed Shoghi a draft of the proposed First Amended Complaint ("FAC"). (Id. ¶ 5.) Moss also proposed a stipulation to amend the complaint, or in the alternative, Moss offered to withdraw the proposed FAC if Defendant stipulated to remand to San Joaquin County Superior Court. (Id.) At Shoghi's request, Moss agreed to provide defense counsel an additional two weeks to consider and discuss Plaintiff's proposal to remand with Shoghi's client. (Id. ¶¶ 7-8.) Moss subsequently declined to grant Defendant an additional two weeks to consider the proposal and filed the instant motion. (Id. ¶¶ 9-10.) To date, no formal discovery has been served by either party and no Federal Rule of Civil Procedure 16 Pretrial Scheduling Order has issued.

The instant complaint asserts claims for: (1) failure to pay minimum wage; (2) failure to pay overtime wages; (3) failure to pay timely wages upon cessation of employment; (4) failure to provide accurate wage statements; and (5) unfair competition, Cal. Bus. & Prof. Code §§ 17200 *et seq*.

---

[3] Plaintiff does not dispute that removal was appropriate in this case.

2

Case 2:13-cv-02661-TLN-AC   Document 14   Filed 04/08/14   Page 3 of 5

## STANDARD

Rule 15 provides that, if 21 days have passed after service of a pleading, "a party may amend its pleading only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15, however, directs the court to "freely give leave when justice so requires." Id. In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir. 1960) (per curiam))). The doctrine of liberal amendment, however, is not dependent on whether the amendment will add claims or parties, but rather is subject to several factors. Id. The relevant factors to assess in determining the propriety of amendment under Rule 15 are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. See id.; Cafasso U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1319 (9th Cir. 1984); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. See DCD Programs, 833 F.2d at 186; Webb, 655 F.2d at 980; Hurn v. Retirement Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981).

## ANALYSIS

Plaintiff argues that amendment to add a federal claim is proper because Defendants removed this case from state court to federal court. Plaintiff also asserts that the proposed amendment is timely, in good faith, is not futile, and will not prejudice Defendant. Defendant argues that the court should deny amendment in this case because Plaintiff had earlier knowledge of the facts that form the basis for an FLSA claim. Defendant also argues that the proposed amendment is in bad faith.

Defendant does not argue: undue delay, prejudice, or that amendment would be futile. The gravamen of Defendant's argument is that Plaintiff acted in bad faith when it offered to forego its proposed FAC if Defendant agreed to remand this matter to state court.

///

1    First, the court finds unavailing Defendant's contention that the court should deny
2    amendment because Plaintiff knew of the facts underlying its claim at the time it filed its state
3    court action. It is abundantly clear to this court Plaintiff's choice of forum in this case was
4    California state court: Plaintiff filed only state court claims and limited the putative class to
5    California residents. It was Defendant, not Plaintiff, who removed the state court complaint to
6    federal court. As such, the court finds it entirely appropriate for Plaintiff to seek leave to amend
7    its complaint to file a federal claim under the FLSA, regardless of whether Plaintiff knew of the
8    facts underlying a potential claim under the FLSA when it filed its state action. Indeed, it is
9    axiomatic that Plaintiff is the master of its complaint. If Plaintiff hypothetically filed a claim
10   under the FLSA in the state court action, it would have been subject to removal under the federal
11   question doctrine.
12   Second, that Plaintiff was willing to forego the proposed FAC in exchange for a return to
13   the forum of its choosing simply does not constitute bad faith. Bad faith is typically "understood
14   to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity
15   jurisdiction." SAES Getters S.p.A v. Aeronex, Inc., 219 F. Supp 2d 1081, 1068 (S.D. Cal. 2002)
16   (citing Sorosky v. Burroughs Corp., 826 F.2d 794, 805 (9th Cir.1987)). In this case, Defendant
17   forced Plaintiff into federal court by removing this matter from state court to federal court.
18   Plaintiff does not seek to undermine the jurisdiction of this court; rather, Plaintiff simply seeks to
19   add a federal claim to its complaint now that Plaintiff finds itself in federal court. As such, the
20   court finds that Plaintiff has not acted in bad faith by seeking to add a federal claim after
21   Defendant unilaterally removed this matter to federal court. Indeed, if Defendant does not wish
22   to defend an FSLA claim, it should have either litigated the matter in state court or stipulated to
23   remand per Plaintiff's proposal.
24   After reviewing the parties' respective briefing through the lens of the strong policy
25   favoring liberal amendment, the court finds that granting Plaintiff's motion in this case would not
26   cause undue delay, would not prejudice Defendant, and amendment would not be futile.
27   Moreover, the court finds that Plaintiff has not acted in bad faith in seeking amendment. As such,
28   the court finds that the amendment Plaintiff proposes in this case is appropriate.


**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Amend the complaint is hereby GRANTED. Plaintiff shall file its First Amended Complaint within 21 days of the issuance of this order.

Dated: April 4, 2014

_____
Troy L. Nunley
United States District Judge